IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01081-NRN

SERALDO VARGAS ARREDONDO,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado;
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice; each in their official capacities,

      Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

      This case is before the Court on Seraldo Vargas Arredondo's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 ¶ 1. He contends that the Respondents are improperly subjecting him to mandatory detention[1] under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

---

[1] Petitioner refers to "incarceration" rather than "detention."

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi,* No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner has lived in the United States for approximately eighteen years. ECF No. 1 ¶ 3. He is the father of three U.S. Citizen children who depend on him emotionally and financially. *Id.* He works in the landscaping industry and has no criminal history that subjects him to mandatory detention. *Id.*

Petitioner asserts claims under 28 U.S.C. § 2241, the Immigration and Nationality Act ("INA"), the Administrative Procedures Act ("APA") (5 §§ U.S.C. 500-596, 701-706), the Due Process Clause of the Fifth Amendment, and for violations of his substantive due process rights. *See generally id.* Petitioner asks that he either be immediately released from custody or granted a bond hearing. *Id.* at 17.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as several other judges in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years).

**ANALYSIS**

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner

has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").[2]

Moreover, the Court rejects Respondents' reliance on the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026). As this Court has repeatedly held, the Fifth Circuit's decision is not binding authority in this District, and, as to persuasiveness, the Court respectfully finds in Judge Douglas's dissent a more rigorous and compelling legal analysis of the relevant statutory provisions. *See Vasquez Gomez,* 2026 WL 482677, at *2; *Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL

---

[2] The Court need not address Petitioner's other arguments or claims for relief. *See Hernandez v. Baltazar*, No. 26-cv-0276-WJM-TPO, 2026 WL 304362, at *1 n.1 (D. Colo. Feb. 5, 2026) ("Because the Court concludes that section 1226(a) controls here, it need not base its Order on whether Alvarez Hernandez's other arguments are availing."); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

352870, at \*3–6 (D. Colo. Feb. 9, 2026) (explaining in detail why *Buenrostro-Mendez* does not compel a contrary outcome). Respondents' citation to lower court decisions is equally unavailing as "they present no argument for why these non-binding decisions require the Court to reverse itself on this legal question." *Gregorio Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at \*1 (D. Colo. Mar. 30, 2026).

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 18. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED** as follows.

It is further **ORDERED** that

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil*, 2026 WL 100587, at \*8 ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a bond

5

hearing.'" (quoting *Arauz v. Baltazar*, No. 25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL 2977650, at *9 ("During such [bond] hearing, the Respondents bear the burden of justifying detention."). **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2) Respondents are **ENJOINED** from transferring Petitioner outside the jurisdiction of the District of Colorado pending resolution of this case;

3) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A);

4) Respondents are **ENJOINED** from unilaterally imposing additional forms of custody like 24/7 GPS monitoring, reporting requirements, or restrictions on movement, or delays in bond payment or delays in effectuating release through the CeBONDS system unless the Immigration Judge ("IJ") orders those conditions;

5) Respondents are **ENJOINED** from invoking the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) if bond is granted;

6) ICE is **ENJOINED** from delaying the payment or processing of bond once one is issued due to its claim that 8 C.F.R. § 1003.19(i)(2) permits it to do so;

7) The IJ shall consider the Respondent's financial circumstances and ability to pay a bond when deciding what bond amount is appropriate; and

8) Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: April 16, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge